NONPRECEDENTIAL DISPOSITION
To be cited only in accordance with
Fed. R. App. P. 32.1

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted October 24, 2012[*]
Decided October 25, 2012

**Before**

FRANK H. EASTERBROOK, *Chief Judge*

RICHARD D. CUDAHY, *Circuit Judge*

DIANE S. SYKES, *Circuit Judge*

No. 11-3663

| | |
|---|---|
| GARY LEE SMITH, *Petitioner-Appellant*, | Appeal from the United States District Court for the Southern District of Illinois. |
| *v.* | No. 11-cv-676-DRH |
| WENDY J. ROAL, *Respondent-Appellee*. | David R. Herndon, *Chief Judge*. |

**O R D E R**

Gary Smith is serving 19 years in federal prison for producing and distributing child pornography. In August 2004 he was disciplined for assaulting a guard, refusing to obey an

---

[*] After examining the briefs and record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and record. *See* FED. R. APP. P. 34(a)(2)(C).

order, and possessing contraband. Smith had pushed away a guard who tried to handcuff him, though he said he acted in self-defense. After the scuffle, prison staff searched Smith's cell and confiscated pictures allegedly depicting nudity and sexual activity. Smith was sanctioned with the loss of good time. Having exhausted his administrative appeals, he petitioned for a writ of habeas corpus, 28 U.S.C. § 2241, asking that his good time be restored (he also sought the return of a manuscript confiscated with his pictures, but the district court properly rejected that demand as beyond the scope of § 2241). The court understood Smith to claim that he was disciplined without due process because (1) he received the disciplinary reports more than 24 hours after the scuffle and search, and (2) the hearing officers were not properly certified. The court dismissed the petition on preliminary review for failure to state a claim. *See* RULES GOVERNING § 2254 CASES IN THE U.S. DISTRICT COURTS 1(b), 4. The court explained that the Due Process Clause does not compel immediate disclosure of disciplinary reports or require that hearing officers be anything other than impartial.

On appeal, Smith contends only that the district court failed to address his "claim of actual innocence." He maintains that he acted in self-defense and possessed authorized pictures. We understand him to mean that his right to due process was violated because the hearing officers lacked sufficient evidence to find that he committed the charged infractions. For purposes here we accept that Smith's petition fairly can be read to include that contention.

Prison discipline that results in forfeited good time must be supported by "some" evidence to satisfy due process, but even a meager amount will suffice. *Superintendent, Mass. Corr. Inst., Walpole v. Hill*, 472 U.S. 445, 455 (1985); *Scruggs v. Jordan*, 485 F.3d 934, 941 (7th Cir. 2007). Smith's own statements supply some evidence that he disobeyed and assaulted the guard. He admits that he spun around and "removed" the hand gripping his shoulder—a hand belonging to the guard who had just told Smith he was about to be handcuffed. Smith could be disciplined for assault even if he did think he was acting in self-defense. *Jones v. Cross*, 637 F.3d 841, 847–48 (7th Cir. 2011); 28 C.F.R. § 541.3, table 1, code 224 (2011). Furthermore, inmates lack a constitutional right to assert self-defense in disciplinary proceedings. *Scruggs*, 485 F.3d at 938–39; *Rowe v. DeBruyn*, 17 F.3d 1047, 1052 (7th Cir. 1994).

With regard to the contraband images, Smith has failed to develop an argument on appeal. He has not explained why the pictures found in his cell could not satisfy the standard of some evidence. *See Anderson v. Hardman*, 241 F.3d 544, 545 (7th Cir. 2001).

AFFIRMED.